NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAPTA GLOBAL, INC., | |
| Plaintiff, | Civil Action No. 15-3757 (JLL) |
| v. | OPINION |
| ICON SOLUTIONS INC. and NAVEEN MUDIREDDY, individually and jointly | |
| Defendants. | |

**LINARES,** District Judge.

This matter comes before the Court on a motion to dismiss filed by Defendants Icon Solutions, Inc. and Naveen Mudireddy pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8.) The Court has considered the parties' submissions made in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion to dismiss is denied.

I.  BACKGROUND[1]

"On or about May 8, 2012, Plaintiff and Defendant Icon Solutions, Inc., entered into a contractual agreement wherein Defendant Icon Solutions, Inc., would place Co-Defendant Naveen Mudireddy at a client of Plaintiff for work contracted by Plaintiff." (Compl. ¶ 8.)[2] Pursuant to the

---

[1] The facts alleged are properly accepted as true for purposes of this Opinion. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

[2] Neither Defendants' motion nor the Declaration of Brett Carrick ("Carrick Declaration") submitted in support of the motion cites to Plaintiff's Complaint. Instead, the Carrick Declaration attaches and references the complaint in another matter, also involving Plaintiff. However, because Defendants' motion is premised on a discreet point (*see* Section III), and the brief in

agreement between Defendant Icon and Plaintiff, Defendant Mudireddy was to provide computer services to Plaintiff's client, Randstad Technologies ("Randstad"). (*Id.* ¶¶ 8, 10.) Mudireddy was classified as a "No Hire Class" employee whereby restrictions were placed on Mudireddy's ability to be placed directly with Randstad by Defendant Icon. (*Id.* ¶ 9.)

Plaintiff claims that Defendants "undermined the relationship between Plaintiff and [Randstad] in contravention to the Agreements signed." (*Id.* ¶ 10.) Plaintiff alleges that as a result of Defendants' actions, it lost the Randstad account. (*Id.* ¶ 11.) Plaintiff also alleges that Defendant Mudireddy continued to work for its prior client "but under the direction and control and payment to Co-Defendant Icon Solutions, Inc." (*Id.* ¶ 12.)

In light of the foregoing, Plaintiff commenced this diversity action on June 4, 2015 seeking damages for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendants filed the present motion to dismiss on June 14, 2015.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

---

support of the motion addresses that issue, the Court is able to decide the motion without additional briefing.

## III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint arguing that Plaintiff's claims are barred by the New Jersey Private Employment Agency Act (the "Act"). (Defs.' Br. 5.) The Act applies "to any person engaging in any of the activities regulated by this act," N.J.S.A. 34:8-45(a), and provides that

> [a] person shall not bring or maintain an action in any court of this State for the collection of a fee, charge or commission for the performance of any of the activities regulated by this act without alleging and proving licensure or registration, as appropriate, at the time the alleged cause of action arose.

*Id.* 34:8-45(b). Defendants argue that the present action is governed by the Act because Plaintiff was acting as either an employment agency or a temporary help service firm, and that Plaintiff has not alleged or shown that it was licensed or registered as required to bring suit. (Defs.' Br. 5-6.) All of Defendants' arguments in the present motion are premised on this point.

Neither Plaintiff's Complaint nor its opposition brief concede that it is an employment agency or temporary help service firm as argued by Defendants. As a result, in support of their position that the Act controls, Defendants argue facts related to whether Plaintiff's activities fall within the definitions governed by the Act, including by referencing the purported controlling "Sapta Subcontractor's Agreement" attached as Exhibit 2 to the Carrick Declaration submitted in support of Defendants' motion.[3] Based on their view of the facts, Defendants argue that *Data Informatics, Inc. v. Amerisource Partners*, 768 A.2d 210 (N.J. App. Div. 2001), is the controlling case which requires that Plaintiff's claims be barred. (*See* Defs.' Br. 8; Defs.' Reply Br. 3.) The Court disagrees that *Data Informatics* supports dismissal at this stage of the proceeding based on the Complaint and the submissions.

---

[3] The "Subcontractor's Agreement" submitted by Defendants is not the same version as the "Subcontractor's Agreement" attached to Plaintiff's Complaint.

3

*Data Informatics* was a case decided on summary judgment; a motion to dismiss based on the argument that the Act barred the suit was denied. *See* 768 A.2d at 214. In holding that the Act covered the activities at issue in that case, the *Data Informatics* court considered the agreement between the parties as well as certifications of executives from both the plaintiff and defendant companies, the individual co-defendant, and third parties involved in the project. *Id.* at 212, 214-215. In affirming the trial court's grant of summary judgment, the appellate court stated that "[t]he factual scenario described by plaintiff in response to the motions for summary judgment provides a sufficient basis for demonstrating plaintiff's susceptibility to the Act's requirements." *Id.* at 218. Although Defendants in the present case note that courts may convert a motion to dismiss to one of summary judgment (*see* Defs.' Br. 4-5), they did not submit certifications or affidavits of the type referenced in *Data Informatics*, and the Court in any case would decline such conversion at this stage.

In short, there is a dispute among the parties as to whether the activities at issue are governed by the Act. Both parties argue beyond the pleadings in addressing this issue (without reference even to the same version of the Subcontractor's Agreement). Such arguments are outside the scope of a motion to dismiss. Accordingly, the Court denies Defendants' motion. The Court does not decide whether Plaintiff's activities are governed by the Act; Defendants may renew their argument at a later stage with appropriate support.[4]

---

[4] Plaintiff makes a "note" that there "may wind up being a conflict of interest as Co-Defendant Mudireddy could have claims against the Co-Defendant in this case." (Plf.'s Opp'n at n. 1.) This issue is not appropriately before the Court, and, as such, the Court has not addressed it.

4

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 8) is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: August 17, 2015

                                                JOSÉ L. LINARES
                                                U.S. DISTRICT JUDGE